United States District Court
Southern District of Texas
**ENTERED**
November 05, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEROY PHILLIP MITCHELL, TDCJ #02205325, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-3619 |
| BOBBY LUMPKIN, Director,[1] Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Leroy Phillip Mitchell (TDCJ #02205325) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a conviction from Waller County, Texas. After considering all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss this action without prejudice for the reasons explained below.

**I. Background**

On June 15, 2018, Mitchell was convicted of murder by a jury

---

[1] Although the petition lists Warden Smith as the respondent, the court substitutes Director Bobby Lumpkin of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the state official having custody of him pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

in the 506th District Court of Waller County, Texas, and sentenced to 55 years' imprisonment in Case No. 15-04-15198.[2] That conviction was affirmed on direct appeal. See Mitchell v. State of Texas, 590 S.W.3d 597 (Tex. App. — Houston [1st Dist.] Oct. 22, 2019, no pet.). Mitchell did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals and he has not pursued state habeas corpus review or any other collateral proceeding to challenge the conviction.[3]

On October 22, 2020, this court received an undated federal habeas Petition from Mitchell, who asserts that he is entitled to relief from his conviction for the following reasons:

(1) he was not read his rights before giving a verbal statement, which was admitted into evidence in violation of due process;

(2) the prosecutor engaged in misconduct by striking all potential black jurors during jury selection;

(3) the state suppressed a recorded statement from the deceased's girlfriend because "it was obtained illegally" by an off-duty officer, but she was allowed to testify anyway and committed perjury in violation of his right to due process;

(4) the prosecutor engaged in misconduct by making misleading statements during closing argument at punishment about his potential release date on parole; and

(5) the trial court abused its discretion by

---

[2]Petition, Docket Entry No. 1, pp. 2-3.

[3]Id. at 3-4.

> allowing the lead investigator, a Texas Ranger, to remain in court after "the Rule" was invoked.[4]

Because Mitchell has not raised these claims before the Texas Court of Criminal Appeals in a petition for discretionary review or a state habeas corpus proceeding his Petition is subject to dismissal for lack of exhaustion.

## II. Discussion

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement "the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004) (quoting Anderson v. Harless, 103 S. Ct. 276, 277 (1982)). This means that a petitioner must present his claims in a procedurally proper manner to the highest court of criminal jurisdiction in the state, which in Texas is the Texas Court of Criminal Appeals. See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1731-34 (1999); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985).

A Texas criminal defendant may exhaust remedies by taking the following paths to the Texas Court of Criminal Appeals: (1) the

---

[4] Id. at 6-7, 11.

petitioner may file a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  See Tex. Code Crim. Proc. art. 11.07 § 3(c).  "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004).

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (citations and internal quotations marks omitted).  Exceptions exist only where there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).

According to the Petition Mitchell has not raised any of his claims before the Texas Court of Criminal Appeals, either in a petition for discretionary review or in a state habeas corpus application under Article 11.07 of the Texas Code of Criminal

Procedure.[5] Because state habeas corpus review under Article 11.07 remains available, Mitchell does not fit within a recognized exception to the exhaustion doctrine. Under these circumstances, comity requires this court to defer until the Texas Court of Criminal Appeals has considered the merits of the petitioner's constitutional claims and the exhaustion requirement is satisfied. See Picard v. Connor, 92 S. Ct. 509, 512 (1971). Therefore, the pending federal habeas Petition must be dismissed as premature for lack of exhaustion. See Castille v. Peoples, 109 S. Ct. 1056, 1059 (1989) (A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims.")(citing Rose v. Lundy, 102 S. Ct. 1198 (1982)).

### III.  **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district

---

[5]Petition, Docket Entry No. 1, pp. 3-4. Public records of Texas judicial proceedings confirm that Mitchell has not filed any petition or habeas application that has reached the Texas Court of Criminal Appeals. See Texas Judicial Branch website, available at: http://search.txcourts.gov (last visited Nov. 5, 2020).

court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.  Because reasonable jurists would not debate that the petitioner has not yet exhausted available state court remedies, a certificate of appealability will not issue.

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Leroy Phillip Mitchell (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 5th day of Nov, 2020.

```
                              _____
                                         SIM LAKE
                              SENIOR UNITED STATES DISTRICT JUDGE
```